This case concerns whether a school board can be held liable under Title IX of the Education Amendments of 1972, § 909, as amended, 20 U.S.C. §§ 1681-1688, for a male teacher's alleged sexual harassment of one of his male students.
The trial court entered a summary judgment in favor of the school board. The facts of this case are strikingly similar to the facts in Gebser v. Lago Vista Independent SchoolDistrict, ___ U.S. ___, 118 S.Ct. 1989, 141 L.Ed.2d 277
(1998). In that case, the United States Supreme Court held in favor of the defendant school district because there was no showing that the school district had received actual notice of the alleged sexual misconduct and after receiving it had demonstrated deliberate indifference to that misconduct. We believe that Gebser controls the resolution of this case; we therefore affirm the judgment of the trial court.
 Facts
H.M. and M.M. filed a complaint on their own behalf and on behalf of their minor son against the Jefferson County Board of Education (the "Board"), and one of its teachers, Jerry Dale Talbot, alleging that Talbot, their son's teacher and coach, had sexually harassed and abused him over a four-year period while he was a student in one of the Board's schools.
The plaintiffs initially claimed that the Board should be held liable on the basis that it had negligently hired Talbot, or had failed to properly supervise him, but they later amended their complaint to assert a claim for damages under Title IX of the Education Amendments of 1972. The trial court entered a summary judgment for the Board on all of the claims against it.
On appeal, the plaintiffs do not challenge the summary judgment as to their state tort claims, but they do claim that the summary judgment was improper as to their Title IX claims against the Board.[1]
For purposes of this appeal, there are several undisputed facts. First, the Board does not dispute that Jerry Talbot engaged in sexual misconduct toward the plaintiffs' son while the son was a student at one of the Board's schools. Instead, the Board argues that, even assuming that Talbot sexually harassed the plaintiffs' son, it should not be held liable under Title IX for this misconduct. To support this argument, the Board notes that it is undisputed that when the plaintiffs' son reported the harassment to one of his other teachers: (1) that teacher immediately reported the harassment to the school administration; (2) the Board promptly investigated the claim; and (3) the Board placed Talbot on leave and initiated termination proceedings against him. In addition, the Board also notified local law enforcement authorities about the incident.[2] *Page 795 
The plaintiffs base their Title IX claim on three theories: (1) that Talbot required their son, as a quid pro quo, to submit to sexual advances in exchange for permission to participate in school-sponsored athletics; (2) that Talbot's actions created a hostile educational environment; and (3) that the Board failed to comply with the requirements of Title IX regarding the implementation, publication, and dissemination of an acceptable sexual harassment/abuse policy and grievance procedure and that that failure would make the Board liable.
 I.
Title IX prohibits educational institutions that receive federal assistance from discriminating on the basis of sex.20 U.S.C. § 1681 (1990). To state a cause of action under Title IX, a plaintiff must show: (1) that he or she was excluded from participation in, was denied benefits of, or was subjected to discrimination in, an educational program; (2) that the program receives federal assistance; and (3) that the exclusion, denial, or discrimination was on the basis of sex. Seamons v.Snow, 84 F.3d 1226 (10th Cir. 1996).
 II.
In Franklin v. Gwinnett County Public Schools,503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the United States Supreme Court held that a teacher's sexual abuse against a student could constitute discrimination on the basis of sex and that private litigants could use Title IX to recover monetary damages for a teacher's sexual abuse of a student. Therefore, there seems to be little doubt that Title IX encompasses claims based on a teacher's sexual harassment of a student. See, e.g., Gebser v. Lago Vista Independent SchoolDistrict, supra; Smith v. Metropolitan School Districtof Perry Township, 128 F.3d 1014, 1021 (7th Cir. 1997);Davis v. Monroe County Board of Education,120 F.3d 1390, 1400 n. 14 (11th Cir. 1997) ("[w]e assume thatFranklin created a cause of action for teacher-student sexual harassment under Title IX").
Nevertheless, the Board contends that the plaintiffs failed to state a cause of action under Title IX because, it argues, they failed to demonstrate that the sexual misconduct directed toward their son amounted to the kind of sex discrimination that Title IX was adopted to curb or prevent. The Board asserts that Title IX prohibits only discrimination on the basis of sex and that this prohibition denotes a particular species of unlawful conduct: gender-based mistreatment. The Board asserts that because this case involves a male teacher and a male student, the plaintiffs have no claim under Title IX.
The Board relies primarily on cases in which the United States Court of Appeals for the Fifth Circuit ruled that discrimination on the basis of sex does not encompass sexual impropriety or activity between members of the same sex. See Garcia v. ElfAtochem North America, 28 F.3d 446 (5th Cir. 1994) (harassment by male supervisor against male subordinate does not state claim under Title VII). We cannot agree with the Board. The United States Supreme Court's recent case of Oncale v.Sundowner Offshore Services, Inc., ___ U.S. ___, ___,118 S.Ct. 998, 1000, 140 L.Ed.2d 201 (1998), presented "the question whether workplace harassment can violate Title VII's prohibition against `discriminat[ion] . . . because of . . . sex,'42 U.S.C. § 2000e-2(a)(1), when the harasser and the harassed employee are of the same sex." The Supreme Court specifically held "that nothing in Title VII necessarily bars a claim of discrimination `because of . . . sex' merely because the plaintiff and the defendant (or the person charged with acting on behalf of the defendant) are of the same sex." Id., ___ U.S. at ___,118 S.Ct. at 1001-02. We believe that the Supreme Court'sOncale definition of "discrimination on the basis of sex" demonstrates that same-sex harassment may constitute discrimination on the basis of sex and that such discrimination is, therefore, actionable under Title IX, provided, of course, a plaintiff proves the remaining statutory factors. See Kinmanv. Omaha Public School District, 94 F.3d 463, 468 (8th Cir. 1996). *Page 796 
 III.
We now address the appropriate standard of liability to be applied under Title IX to determine whether the Board should be held liable for the sexual misconduct alleged in this case. Until recently, this standard was unclear because the federal courts of appeals had adopted a variety of approaches for assessing whether a school district was liable for a teacher's harassment of a student. Cf. Nelson v. Almont CommunitySchools, 931 F.Supp. 1345, 1355 (E.D.Mich. 1996) (applying the intentional-discrimination standard governing claims brought under Title VI of the Civil Rights Act of 1964); Kracunas v.Iona College, 119 F.3d 80, 82 (2d Cir. 1997) (applying the agency-like principles developed under Title VII); and Doev. Lago Vista Independent School District, 106 F.3d 1223
(5th Cir. 1997) (holding that a school district could be held liable for a teacher's sexual harassment of a student only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the offending employee and the power to take action that would end such abuse and had failed to do so).
However, in Gebser v. Lago Vista Independent SchoolDistrict, the United States Supreme Court clarified the standard of liability to be applied in cases such as this one. The Court specifically held that damages may not be recovered from a school district based on the sexual harassment of a student by one of its teachers "unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct." ___ U.S. at ___, 118 S.Ct. at 1993.
It is not difficult to apply Gebser to this case. It is undisputed that until the plaintiffs' son reported the harassment no Board official with supervisory authority knew of Talbot's alleged sexual harassment and that, once the Board learned of the misconduct, it took prompt action to correct it and to prevent it from occurring in the future. Accordingly, we conclude that the trial court properly entered the summary judgment for the Board.
We note that the plaintiffs contend that the Board should be held liable under Title IX because, they argue, it failed to comply with the procedural and administrative requirements of Title IX. Specifically, they argue that the Board may be held liable on the basis that it had failed to promulgate and enforce an adequate grievance procedure or otherwise maintain an adequate policy with regard to sexual harassment. However, this argument was expressly rejected by the United States Supreme Court in Gebser. See Gebser, ___ U.S. at ___,118 S.Ct. at 1992 ("[The school district's] alleged failure to comply with the [administrative] regulations, however, does not establish the requisite actual notice and deliberate indifference. And in any event, the failure to promulgate a grievance procedure does not itself constitute `discrimination' under Title IX."); see also Seamons v. Snow,84 F.3d 1226, 1233 (10th Cir. 1996); Bougher v. University ofPittsburgh, 713 F.Supp. 139 (W.D.Pa. 1989), aff'd,882 F.2d 74 (3d Cir. 1989) (simply alleging that a university did not have a grievance procedure in place was not sufficient to state a claim for relief).
The summary judgment in favor of the Board is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.
[1] Their claims against Jerry Talbot are still pending in the trial court. In entering the Board's summary judgment, the trial court specifically stated that it was not ruling on the claims against Talbot, and it made the Board's summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P.
[2] Upon receiving notice of the termination proceedings, Talbot resigned; he ultimately pleaded guilty and was convicted of sexually assaulting and sodomizing the plaintiffs' son. *Page 797