Because I believe the facts of this case fall within the purview of this Court's decision in Busby v. Truswal Systems Corp.,551 So.2d 322 (Ala. 1989), and specifically because I do not believe Ms. Henry presented substantial evidence indicating that Georgia-Pacific had sufficient knowledge of Dr. Deeble's actions to satisfy the elements of the tort of outrage, I dissent.
Although the majority has outlined most of the relevant facts of this case, I wish to discuss some of them in more detail. The evidence indicates that the lurid session with Dr. Deeble occurred on April 7, 1992. Afterwards, Ms. Henry spoke with supervisors Johnny Hurst and Randy Youngblood about the incident. Ms. Henry considered Hurst a friend and spoke with him often about personal topics. Also, Ms. Henry stated in her deposition testimony that when she discussed the incident with Hurst she thought it was understood that the conversation was confidential. As for Youngblood, Ms. Henry testified that she may have told him to keep the conversation confidential. After the April 7 incident, Ms. Henry attended sessions with Dr. Deeble approximately three more times. Ms. Henry did not attend any sessions with Dr. Deeble after May 1992. In May 1993, Ms. Henry contacted an acquaintance at the Atlanta, Georgia, headquarters of Georgia-Pacific and related the incident to him. Approximately one week after that call, Ms. Henry was interviewed by a member of Georgia-Pacific's human resources staff. Soon thereafter, she was informed by Georgia-Pacific that Dr. Deeble had been taken out of the program.
In Busby v. Truswal Systems Corp., 551 So.2d 322 (Ala. 1989), this Court dealt with issues and facts very similar to those presented here. In Busby, some female employees brought an action against Truswal Systems Corporation, their employer, alleging invasion of privacy and the tort of outrage. *Page 122 
Their outrage claim centered on accusations that one of their supervisors, Deaton, had "repeatedly subjected them to sexual harassment." Id. at 323. The employees related their accusations to Fairley, a supervisor. Id. at 323. One of the employees, Pitts, was a personal friend of Fairley. Id. at 326, n. 1. Fairley's testimony contradicted much of Pitts's testimony. Id. at 327. The trial court entered a summary judgment in favor of Truswal, and this Court affirmed, stating
 "There is no evidence . . . that the plaintiffs imparted sufficient information to Fairley for Truswal to be held liable for the tort of outrage. The materials submitted on the summary judgment motion show only that the plaintiffs made generalized complaints to Fairley."
Id. at 327. This Court further stated that in order to establish outrageous conduct by a corporate defendant, it must be shown that the conduct "was perpetrated as a means to further the defendant corporation's business," or that a jury could conclude that "`this is the way the company does business.'" Id. at 327. This Court concluded that "Deaton's conduct was aimed purely at satisfying his own lustful desires; no corporate purpose could conceivably be served by his overtures," and that, based on these facts, Truswal could not be "held liable as having ratified Deaton's alleged outrageous conduct." Id. at 328.
This case, like Busby, should turn on the kind of knowledge the corporate defendant had. This Court's recent decision in H.M. v. Jefferson County Board of Education, [Ms. 1961607, July 17, 1998] 719 So.2d 793 (Ala. 1998), discusses the principle of vicarious and respondeat-superior liability in a sexual-harassment context and discusses the circumstances under which an employer can be held liable for the acts of its agent.
In H.M., this Court dealt with a claim by parents, on behalf of their minor child, alleging same-sex sexual harassment by one of their child's teachers. In affirming a summary judgment in favor of the Jefferson County Board of Education, we stated:
 "[U]ntil the plaintiffs' son reported the harassment no Board official with supervisory authority knew of [the] alleged sexual harassment and . . . once the Board learned of the misconduct, it took prompt action to correct it and to prevent it from occurring in the future."
151 So.2d at 327.
It is undisputed that Ms. Henry imparted specific information to two supervisors, one of whom, as in Busby, was a personal friend. However, this case contains the additional fact that Ms. Henry expressly or impliedly suggested that her conversations with these supervisors should remain confidential. While those supervisors could be accused of bad judgment in not presenting the matter to officials of the company, their inaction, considered in light of Ms. Henry's desire to keep the incident confidential, does not establish the tort of outrage. It appears to me, given these facts, that Georgia-Pacific's conduct should not be construed as ratification of Dr. Deeble's actions or construed as suggesting that the corporation carried on its business in disregard of the welfare of its employees. On the contrary, it appears that when its corporate headquarters was notified, Georgia-Pacific took quick action to remedy the situation.
In Busby, we also noted:
 "The tort of outrage provides a remedy for `extreme and outrageous conduct,' and so should not be the basis for vicarious or respondeat-superior liability except in the most compelling circumstances."
551 So.2d at 327. While I agree that Dr. Deeble's alleged conduct was deplorable,[2] I cannot agree, based on the evidence presented in this case, that Georgia-Pacific could be said to have had the kind of knowledge required to make it vicariously liable for Dr. Deeble's alleged outrageous conduct. I believe Ms. Henry has failed to present substantial evidence establishing a genuine issue of material fact in that regard. Consequently, I respectfully dissent.
[2] As the majority opinion indicates, Ms. Henry sued Dr. Deeble in this same action and her claim against him, based on the same alleged conduct we have considered in this appeal, is pending in the circuit court. *Page 123