Nelvin James **MOSLEY** and Gwen Mosley, Individually and as the parents of Erica Mosley, Appellants,

v.

**BEAUMONT INDEPENDENT SCHOOL DISTRICT, Thom Amons** and Otilia Urbina, Appellees.

No. 09–97–502 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 3, 1999.

Decided Aug. 31, 1999.

Laurence W. Watts, Watts & Associates, Houston, for appellants.

J. Mitchell Smith, Melody G. Thomas, Wells, Peyton, Greenberg & Hunt, Beaumont, for appellees.

Before WALKER, C.J., BURGESS and HILL,[1] JJ.

**OPINION**

JOHN HILL, Justice (Assigned).

Nelvin James Mosley and Gwen Mosley, individually and as the parents of Erica Mosley, appeal from a summary judgment that they take nothing against the Beaumont Independent School District, Thom Amons, and Otilia Urbina. They brought this suit against a teacher, a principal, and the school district when their daughter and a male student were briefly suspended after the male student touched their daughter's leg in class. They contend in three points of error that: (1) the trial court erred in granting summary judgment in favor of the appellees on the appellants' federal constitutional claims brought pursuant to 42 U.S.C. § 1983 because there were fact issues with respect to their First and Fourteenth Amendment claims and because the appellees were not entitled to

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

immunity from those claims; (2) the trial court erred for the same reasons with respect to their state constitutional claims; and (3) the trial court erred in granting summary judgment in favor of the appellees because there were fact issues with respect to their federal statutory claims under 20 U.S.C. § 1681 et seq., Title IX.

We affirm because the Mosleys' allegations show that neither the school district nor the other appellees, whether in their official or in their individual capacities, have any liability to them pursuant to 42 U.S.C. § 1983; the Mosleys present no argument or authority as to why there would be a different result with respect to their state constitutional claims; and the Mosleys did not state a claim under Title IX because they made no allegation of harassment of their daughter that was so severe, pervasive, and objectively offensive that it could be said to deprive their daughter of access to the educational opportunities or benefits provided by the school.

The Mosleys contend in points of error numbers one, two, and three that the trial court erred in granting summary judgment for the appellees.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The appellants in their first amended petition sought damages against the appellees, based upon allegations that they denied appellants their rights under the Texas Constitution, specifically their rights to equal protection, freedom of speech, and due process of law; that the appellees deprived them of certain rights protected under the First and Fourteenth Amend-

ments to the United States Constitution; that the appellees subjected their daughter to sexual discrimination; and that the appellees denied their daughter protection under sections 37.001 et seq. of the Texas Education Code.

In their motion for summary judgment, the appellees contended that the appellants, with respect to any of their claims, "can show no facts stating a claim as a matter of law;" that Beaumont I.S.D. is immune from the appellants' state law tort claims by virtue of the doctrine of sovereign immunity and Section 101.051 of the Texas Civil Practice and Remedies Code; that the principal and teacher are immune from liability by virtue of Section 21.912 of the Texas Education Code; that the appellants failed to exhaust their administrative remedies; that the appellants failed to state an actionable claim under § 1983 and that Beaumont I.S.D. and the principal and teacher are all immune to such a claim; that the appellants have failed to state a claim under Title IX; and that the appellants have failed to state a claim constituting any violation of the Free Speech Clause of either the Texas or United States Constitutions.

In their response to the motion for summary judgment, the appellants contended that they were not asserting any state common law torts, and that their federal and state constitution law claims and their federal statutory law claims are not controlled by the Texas Tort Claims Act; that they did not fail to exhaust their administrative remedies; that none of the appellees is immune to their claims under § 1983 or their state constitutional claims; that the motion for summary judgment did not address their claims to equal protection and due process under the state constitution; and that the summary judgment evidence shows that the school officials violated Erica Mosley's rights under Title IX.

The summary judgment evidence reflects that Erica Mosley was a student at Austin Middle School in Beaumont. While

she was sitting in science class, another student proceeded, more than once, to touch her leg. There is a dispute in the evidence as to whether Dr. Urbina, her teacher, observed the touching. In any event, after a brief discussion with both students, Dr. Urbina confronted the two students involved and concluded, either correctly or incorrectly, that the other student had touched her leg, but that the Mosleys' daughter had allowed him to do so. Not having time to fully discuss the situation due to having bus monitor duty, she turned the situation over to Mr. Amons, the principal.

Amons announced that both students were suspended for six days, pending further investigation. After discussions with the Mosleys, the principal reduced the suspension to one day. Subsequently, Mr. Mosley was not allowed to address the matter in a public session of the school board, and his efforts to privately contact board members was unsuccessful. This suit followed. The Mosleys have withdrawn their daughter from the district and placed her in private school.

■ We will first address the Mosleys' claims under 42 U.S.C. § 1983. The school district urged in its motion for summary judgment that the Mosleys failed to state a claim under this section. The Mosleys' daughter has a due process right for the state not to deprive her of her bodily integrity or her personal security. *See Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir.1996). However, even where a teacher, a public employee rather than a student, commits the harassment, the student, in order to recover against the board of education, must show that the board itself is a wrongdoer, because the doctrine of *respondent superior* is not available as a basis for recovery under § 1983. *Id.*

■ Under the facts of this case, in order to recover from the school board or the school district, the Mosleys would have to allege and prove that the district had either established an officially executed policy or the toleration of a custom within

the school district that led to, caused, or resulted in the deprivation of their daughter's constitutionally protected right. *Id.* There is no claim that the Beaumont school board had an officially executed policy of allowing student-on-student sexual abuse, no claim that it had a custom of tolerating student-on-student sexual harassment, and no claim that there was a clear and persistent pattern of student-on-student sexual abuse in the district. Consequently, the Mosleys failed to state a claim against the school district under § 1983 based on a violation of their daughter's right to due process. Because the Mosleys failed to state a claim against the district on this basis, they also failed to establish a claim against Dr. Urbina and Amons in their official capacities, because such a suit would be treated as a suit against the school district. *See Doe v. Claiborne County, Tenn.*, 103 F.3d at 509.

■ In order to establish liability on the part of the school district for sexual harassment under the Equal Protection Clause, a plaintiff must demonstrate that a state employee's discriminatory actions are representative of an official policy or custom of the district or are taken by an official with final policy making authority. *See Murrell v. School Dist. No. 1, Denver, Colorado*, 186 F.3d 1238, 1249-50 (10th Cir. 1999). There is no allegation of the existence of any official policy or custom of condoning student-on-student sexual harassment, or that Dr. Urbina, the teacher, or Mr. Amons, the principal, are officials with final policy making authority. Consequently, the Mosleys failed to state a claim under § 1983 as to the school district based upon their daughter's right to equal protection. Again, for that reason the Mosleys have failed to state a claim against Dr. Urbina and Amons in their official capacities. *See Doe v. Claiborne County, Tenn.*, 103 F.3d at 509.

■ With respect to the liability of Dr. Urbina and Amons in their individual capacities with respect to the Mosleys' § 1983 claim based upon due process, it

has been held in the case of teacher-student harassment that a plaintiff must allege and show that these defendants' actions or inactions amounted to a deliberate indifference to the extent that they encouraged the specific incident of misconduct or in some other way participated in it, or that they authorized, approved, or knowingly acquiesced in the harasser's conduct. *See Doe v. Claiborne County, Tenn.,* 103 F.3d at 513. The standard is the same with respect to claims based upon the Equal Protection Clause involving student-on-student harassment. *See Murrell,* 186 F.3d at 1249 – 50. While the appellants do not approve of the appellees' response to the situation, the Mosleys make no claim that the appellees, Urbina and Amons, were deliberately indifferent to any harassment to the extent that they encouraged the specific incident of misconduct or that in some way they participated in it; nor do they make any claim that the appellees authorized, approved, or knowingly acquiesced in the behavior of the young male student involved here. Consequently, the trial court did not err in granting those appellees summary judgment with respect to these claims.

■ The only basis for the Mosleys' assertion that the appellees interfered with Mr. Mosley's First Amendment rights is that the school board would not allow him to address the board in open public session concerning the incident in question. There is no allegation that the board in any way prevented Mr. Mosley from asserting his thoughts to the media or to the board itself in private session. The Mosleys' claim presupposes that Mr. Mosley has a First Amendment right to address the board on this subject in public session at a meeting of the board. They have cited no authority in support of such a right, and we are not aware of any.

With respect to the Mosleys' state law constitutional claims, they cite no authority and present no substantive argument to explain how, if they have no claim of a violation of their federal constitutional claims pursuant to 42 U.S.C. § 1983, they would have any kind of claim for violation of their rights under the Texas Constitution. While the Texas Constitution may be construed differently from the United States Constitution, the Mosleys have failed to demonstrate why we should or are required to do so in this case.

The Mosleys state that the appellees' motion for summary judgment did not address their claims based upon equal protection and due process under the Texas Constitution. We have examined the motion for summary judgment and find that it asserts, with respect to all of the Mosley's claims, that the appellants can show no facts stating a claim as a matter of law.

■ Finally, we consider the issue of the Mosleys' claim of a violation of their rights under 20 U.S.C. § 1681, et seq., Title IX. The issue is whether their petition states a claim under Title IX. There may be a Title IX cause of action for damages against a school board based upon student-on-student harassment, but only where the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *See Davis v. Monroe County Board of Education,* 526 U.S. ——, 119 S.Ct. 1661, 1669–76, 143 L.Ed.2d 839 (1999). The Mosleys make no allegation whatsoever that the harassment of their daughter was so severe, pervasive, and objectively offensive that it could be said to deprive their daughter of access to the educational opportunities or benefits provided by the school. The Mosleys did suggest that the appellees' actions deprived their daughter of her access to the school, but this allegation was based upon the appellees' action in response to the single incident that we have previously related, not on any allegation of pervasive harassment.

The Mosleys rely on the cases of *Kracunas v. Iona College,* 119 F.3d 80 (2nd Cir.1997); *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2nd Cir.1995); *Doe v. Claiborne County,* 103 F.3d 495 (6th Cir.1996); *Kin-*

*man v. Omaha Public School Dist.,* 94 F.3d 463 (8th Cir.1996); *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992); and *Doe v. Lago Vista Independent School Dist.,* 106 F.3d 1223 (5th Cir.1997).

We find all of these cases but *Tomka* to be distinguishable in that each involves Title IX liability in the case of harassment by a teacher, as opposed to a student. *Tomka* is not a Title IX case and was decided prior to the United States Supreme Court decision in *Davis,* that determined the standard for school district liability in Title IX cases. Therefore, in none of the cases was the test for possible liability the same as that set forth by the United States Supreme Court in *Davis,* a test to be used when the harassment is by a student upon a student. We overrule the Mosleys' contentions as contained in points of error numbers one, two, and three.

The judgment is AFFIRMED.