

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00142-CV

_____

ARLINGTON INDEPENDENT SCHOOL DISTRICT AND PROPOSED
DEPONENTS CODI VAN DUZEE, CARL LEWIS,
JULIE ANDERSON, DR. GREG CARTWRIGHT, AND DR. MICHAEL HILL,
Appellants

V.

JUSTIN WILLIAMS AND REBEKAH WILLIAMS, A/N/F M.L.W., Appellees

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-338395-22

_____

No. 02-23-00155-CV

_____

IN RE ARLINGTON INDEPENDENT SCHOOL DISTRICT, CODI VAN DUZEE, CARL LEWIS, JULIE ANDERSON, DR. GREG CARTWRIGHT, AND DR. MICHAEL HILL, Relators

---

Original Proceeding
96th District Court of Tarrant County, Texas
Trial Court No. 096-338395-22

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellees Justin and Rebekah Williams, as next friends of their minor daughter M.L.W., filed a Rule 202 petition to take presuit depositions of Arlington Independent School District (AISD) employees Codi Van Duzee, Carl Lewis, Julie Anderson, Dr. Greg Cartwright, and Dr. Michael Hill (collectively, the District Employees). AISD and the District Employees filed a plea to the jurisdiction challenging the trial court's subject-matter jurisdiction. The trial court denied the plea and granted the Williamses' Rule 202 petition.

AISD and the District Employees have appealed from the trial court's order denying their plea to the jurisdiction and have filed an appeal or, alternatively, a petition for writ of mandamus challenging the order granting the Williamses' Rule 202 petition. Because the trial court has subject-matter jurisdiction over the Williamses' potential claims or suit, we will affirm the trial court's order denying the jurisdictional plea. But the trial court clearly abused it discretion by granting the Williamses' Rule 202 petition, and AISD and the District Employees have no adequate appellate remedy. We will thus conditionally grant mandamus relief.

### I. Background

The Williamses filed a verified petition for a court order authorizing them to take presuit depositions of the District Employees and ordering the District Employees to produce certain documents. *See* Tex. R. Civ. P. 202. According to the Williamses' petition, one of M.L.W.'s male junior-high-school classmates touched her

3

buttocks with his foot about 20 times during class. Three days later, the same classmate touched M.L.W. with his hand and threatened to rape her. The Williamses contacted the school and reported the events to Van Duzee, the school principal.

Cartwright, an assistant principal at an AISD high school, interviewed witnesses who verified M.L.W.'s claims. Cartwright filled out a "stay away form," which provided that the classmate's schedule would be changed so that he did not have any classes with M.L.W. A few days later, however, the classmate was still in M.L.W.'s class. M.L.W. contacted her parents, who immediately came to the school. While the Williamses spoke to Van Duzee in a school hallway, Lewis, a school counselor, approached the Williamses and told them that he "did not have time to change [the classmate] out of M.L.W.'s class" and to inform the classmate about the schedule change.

Based on these events, the Williamses sought depositions and documents from the District Employees to investigate a potential claim or suit. Specifically, they sought to orally depose the District Employees[1] to elicit testimony from them about

- "whether any school staff violated the student's right to a safe environment by allowing the student to be threatened with rape by another student";

---

[1]In their petition, the Williamses identified Anderson as a teacher at their daughter's junior high and Hill as AISD's Assistant Superintendent of Administration but provided no details regarding Anderson's and Hill's involvement in the events involving M.L.W. During the hearing on the Rule 202 petition, Justin Williams testified that the incidents involving his daughter and the classmate occurred in Anderson's classroom. Hill—according to Justin—is AISD's Title IX coordinator.

- "[whether] school staff violated the child's right to attend school [in] a safe environment by allowing a student to inappropriately touch her more than once"; and

- "whether the school staff violated Title IX."

The District Employees removed the case to federal court, asserting that federal-question jurisdiction existed because the Williamses intended to investigate whether their daughter "was discriminated against through what can be characterized as sexual discrimination and/or harassment, thereby allegedly violating [their daughter]'s rights under Title IX." *See* 20 U.S.C.A. § 1681 (providing that generally, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance"); 28 U.S.C.A. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The federal district court sua sponte remanded the case to state court because the District Employees had failed to establish federal-question jurisdiction over the matter.

AISD and the District Employees then filed in state court a combined plea to the jurisdiction, original answer, affirmative defenses, and objections and special exceptions, along with a brief in support.[2] AISD and the District Employees argued

---

[2]The Williamses did not name AISD in their Rule 202 petition. The district intervened in the proceeding by filing the combined plea to the jurisdiction, original answer, affirmative defenses, and objections and special exceptions. *See* Tex. R. Civ. P. 60 (providing that "[a]ny party may intervene by filing a pleading").

5

that the trial court lacked subject-matter jurisdiction over the Rule 202 petition because sovereign immunity barred the Williamses' potential claims against AISD. AISD and the District Employees further argued that statutory and qualified immunity barred the Williamses' potential claims against the District Employees, that the Williamses' potential claims could be brought only in federal court, and that Title IX did not authorize a claim under that title against the District Employees individually. Finally, they argued that the Williamses' Rule 202 petition should be denied because the Williamses failed to meet Rule 202's requirements. AISD and the District Employees also asked the trial court to award them attorney's fees.

The trial court held two separate hearings: a non-evidentiary hearing on AISD and the District Employees' jurisdictional plea, affirmative defenses, and objections and special exceptions and an evidentiary hearing on the Williamses' Rule 202 petition. At the first hearing's conclusion, the trial court denied the plea to the jurisdiction and stated that it was going to allow the Williamses to depose the District Employees. The next day, the trial court held an evidentiary hearing on the Williamses' Rule 202 petition.

Following the second hearing, the trial court signed two orders. In the first order, the trial court (1) granted the Williamses' request to orally depose the District Employees; (2) granted the Williamses' request for the District Employees to produce certain documents at their depositions; and (3) found that with respect to each District Employee, "the likely benefit of allowing [the Williamses] to take the

6

requested deposition to investigate a potential claim outweigh[ed] the burden or expense of the procedure." In the second order, the trial court denied AISD and the District Employees' jurisdictional plea, affirmative defenses, and attorney's-fees requests and overruled and denied their objections and special exceptions.

AISD and the District Employees have appealed from both orders. They filed an interlocutory appeal from the order denying their jurisdictional plea (Appellate Cause Number 02-23-00142-CV). They filed an appeal or, alternatively, a petition for writ of mandamus challenging the order granting the Williamses' Rule 202 petition (Appellate Cause Number 02-23-00155-CV). Because the facts concerning these two appellate proceedings are intertwined, we dispose of them in a single opinion. *See Ball Up, LLC v. Strategic Partners Corp.*, Nos. 02-17-00197-CV, 02-17-00198-CV, 2018 WL 3673044, at *1 (Tex. App.—Fort Worth Aug. 2, 2018, no pet.) (mem. op.).

## II. Immunity, Subject-Matter Jurisdiction, and Rule 202

Sovereign immunity, unless waived, protects the State, its agencies, and its officials from lawsuits for damages. *Ben Bolt-Palito Blanco Consol. ISD v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006); *see also Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) ("Sovereign immunity refers to the State's immunity from suit and liability."). "The appurtenant common-law doctrine of governmental immunity similarly protects political subdivisions of the State, including counties, cities, and school districts." *Ben Bolt-Palito Blanco Consol. ISD*, 212 S.W.3d at 324 (citing *Taylor*, 106 S.W.3d at 694 n.3). As a

political subdivision of the State, a public school district like AISD enjoys governmental immunity from suit to the extent that immunity has not been waived by the legislature. *See id.* A school-district employee sued in his official capacity has the same governmental immunity as his employer. *See Franka v. Velasquez,* 332 S.W.3d 367, 382–83 (Tex. 2011).[3] Immunity from suit deprives a trial court of subject-matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004) (op. on reh'g).

Rule 202 allows a person to petition a trial court for an order authorizing "the taking of a deposition on oral examination or written questions" either (1) to perpetuate or obtain testimony for use in an anticipated suit or (2) to investigate a potential claim or suit. Tex. R. Civ. P. 202.1. "Rule 202 does not require a petitioner to plead a specific cause of action." *DeAngelis v. Protective Parents Coal.,* 556 S.W.3d 836, 853 (Tex. App.—Fort Worth 2018, no pet.). Nor does it require a petitioner to "expressly state a viable claim," *In re Emergency Consultants, Inc.,* 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam), or "require that the person or entity from whom a deposition is sought be a potentially liable defendant in

---

[3]This protection is subject to the ultra vires exception. *See Franka,* 332 S.W.3d at 382–83 ("Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the employee acted [ultra vires]. With that exception, an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer." (footnotes omitted)). The Williamses have not pleaded that the District Employees acted ultra vires.

the possible action being investigated," *Houston ISD v. Durrell*, 547 S.W.3d 299, 306–07 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The rule "requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *DeAngelis*, 556 S.W.3d at 853. A Rule 202 petition "asserts no substantive claim . . . upon which relief can be granted." *Id.* (quoting *Combs v. Tex. C.R. Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied)). Rather, "[a] successful [R]ule 202 petitioner simply acquires the right to obtain discovery—discovery that may or may not lead to a claim or cause of action." *Id.* at 853–54 (quoting *Combs*, 410 S.W.3d at 534).

But even with these relaxed pleading requirements, the trial court must have subject-matter jurisdiction over the potential claim or the anticipated action for a party to properly obtain Rule 202 presuit discovery. *See Gordon ISD v. Hinkson*, 661 S.W.3d 922, 929 (Tex. App.—Eastland 2023, no pet.) (citing *In re Doe* (*Trooper*), 444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding)); *see also In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding); *In re DePinho*, 505 S.W.3d 621, 623 (Tex. 2016) (orig. proceeding). The petitioner bears the burden of demonstrating that the trial court has subject-matter jurisdiction over the potential claim or the anticipated action. *See Gordon ISD*, 661 S.W.3d at 929 (citing *Durrell*, 547 S.W.3d at 304).

9

### III. Our Jurisdiction

We must first address our jurisdiction over both the interlocutory appeal from the trial court's order granting the plea to the jurisdiction and the appeal or, alternatively, petition for writ of mandamus challenging the order granting the Williamses' Rule 202 petition.

Regarding the latter, a Rule 202 order allowing or denying presuit discovery from a third party against whom suit is not contemplated is final and appealable. *See In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (orig. proceeding). In contrast, a Rule 202 order allowing or denying presuit discovery from a party who is a potential or anticipated defendant is an interlocutory order, but such an order can be challenged by mandamus. *See id.* at 419; *In re Elliott*, 504 S.W.3d 455, 459–60 (Tex. App.—Austin 2016, orig. proceeding); *In re PrairieSmarts LLC*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding). We determine whether an order granting a Rule 202 petition is final or interlocutory based on whether the deponent is a potential or anticipated defendant or a third party, not on whether the petition was filed under Rule 202.1(a) (deposition is sought for use in an anticipated suit) or 202.1(b) (deposition is sought to investigate a potential claim or suit). *See, e.g.*, *Jorden*, 249 S.W.3d at 419–20 (concluding that mandamus relief was available where presuit deposition under Rule 202.1(a) was sought from anticipated defendant); *Int'l Ass'n of Drilling Contractors v. Orion Drilling Co.*, 512 S.W.3d 483, 487 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (determining Rule 202 order was final and appealable where

10

parties agreed petitioner did not anticipate suing deponent); *Elliott*, 504 S.W.3d at 459–60 (explaining that mandamus relief was available where petition was brought under Rule 202.1(b) because it sought to investigate potential claims against deponent).

Here, the Williamses' petition states that they are investigating a potential claim or suit. *See* Tex. R. Civ. P. 202.1(b). Although they don't specifically identify the anticipated defendants, a fair reading of the petition suggests that the District Employees are not mere third parties but that the Williamses anticipate suing them, something their counsel also indicated during the hearing on the Williamses' Rule 202 petition. And on appeal, the Williamses state that they have brought their Rule 202 petition "to investigate a potential claim or suit that [they] may have against the School, Proposed Deponents either individually or in their capacity as employees of [AISD], and/or the Perpetrator." We conclude that the District Employees are potential or anticipated defendants and that the trial court's order granting the Rule 202 petition is thus an interlocutory order. Accordingly, we review AISD and the District Employees' challenge to the trial court's order granting the Williamses' Rule 202 petition as a petition for writ of mandamus. *See In re City of Dallas*, No. 05-18-00289-CV, 2018 WL 5306925, at *3 (Tex. App.—Dallas Oct. 26, 2018, orig. proceeding) (mem. op.).

Regarding the trial court's order denying AISD and the District Employees' plea to the jurisdiction, we have jurisdiction over an appeal from an interlocutory

11

order that either "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001 [of the Texas Civil Practice and Remedies Code]." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). The term "governmental unit" as defined in Section 101.001 includes school districts, *see id.* § 101.001(3)(B), but does not include employees, *see id.* § 101.001(3). The Williamses' claims identifying the individuals as "staff," however, are broad enough to include actions against the District Employees in their official capacities. *See Gordon ISD*, 661 S.W.3d at 927. "A person sued in an official capacity should be able to appeal the denial of a jurisdictional plea in the same way as his employing governmental unit because both defendants' interests in pleading sovereign immunity are identical." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007). We thus conclude that we have jurisdiction over both AISD's and the District Employees' appeal from the order denying their plea to the jurisdiction. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

Having concluded that we have jurisdiction to address AISD and the District Employees' challenge to the Rule 202 order as a mandamus petition and jurisdiction over the interlocutory appeal challenging the order denying the jurisdictional plea, we now address the merits of each, starting with the latter.

## IV. Order Denying AISD and
## the District Employees' Plea to the Jurisdiction

In five issues, AISD and the District Employees argue that because the trial court lacks subject-matter jurisdiction over the Williamses' potential claims, the trial court erred by denying their plea to the jurisdiction. They contend that (1) they have governmental immunity from all Rule 202 proceedings;[4] (2) even if Rule 202 petitions aren't "wholesale barred by immunity," the Williamses failed to plead potential claims for which governmental immunity has been waived; (3) the District Employees have statutory immunity from the Williamses' potential claims; (4) because AISD and the District Employees would be entitled to remove a Title IX claim to federal court, the trial court does not have jurisdiction over the Williamses' potential Title IX claim, Title IX does not authorize claims against school officials, teachers, and employees in their individual capacities, and qualified immunity protects the District Employees from both suit and liability in federal court; and (5) the District Employees are entitled to attorney's fees and court costs because they have immunity. After briefly addressing the standard of review, we address each of these issues in turn.

---

[4]AISD and the District Employees use the terms "sovereign immunity" and "governmental immunity" interchangeably. We construe the issues in this case to pertain to governmental immunity. *See City of Dallas*, 2018 WL 5306925, at *3 n.4 (citing *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)).

## A. Standard of review

As noted, unless waived, governmental immunity deprives a trial court of subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 224. Governmental immunity is properly raised in a plea to the jurisdiction. *See id.* at 225–26. A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty.*, 136 S.W.3d at 638. A jurisdictional plea's purpose is to defeat a cause of action without regard to the asserted claim's merits. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject-matter jurisdiction is a legal question that we review de novo. *See Miranda*, 133 S.W.3d at 226.

A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights ISD v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, the plea challenges the pleadings, we determine if the plaintiffs have alleged facts affirmatively demonstrating subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 226. We look to the plaintiffs' pleadings, construing them liberally in the plaintiffs' favor and looking to the pleaders' intent. *Id.* If the pleadings lack sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, the issue is one of pleading sufficiency, and the plaintiffs should be given the opportunity to amend. *Id.* at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction, then a jurisdictional plea may be granted without allowing the plaintiffs the opportunity to amend. *Id.* at 227.

**B. Analysis**

In four of their five issues, AISD and the District Employees argue that the trial court erred by denying their plea to the jurisdiction because various forms of immunity deprived the trial court of subject-matter jurisdiction over the potential claims pleaded in the Williamses' Rule 202 petition. As we explained, a proper court to entertain a Rule 202 petition is a court that would have subject-matter jurisdiction over the underlying dispute or anticipated lawsuit; thus, we must look to the substantive law of the underlying dispute or anticipated action to determine jurisdiction. *See Vestal v. Pistikopoulos*, Nos. 10-16-00034-CV, 10-16-00035-CV, 2016 WL 4045081, at *3 (Tex. App.—Waco July 27, 2016, no pet.) (mem. op.); *Combs*, 410 S.W.3d at 535; *City of Dallas v. Dall. Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554–55, 557–58 (Tex. App.—Dallas 2011, no pet.); *see also DePinho*, 505 S.W.3d at 623 ("[F]or a party to properly obtain Rule 202 pre-suit discovery, 'the court must have subject-matter jurisdiction over the anticipated action.'" (quoting *Trooper*, 444 S.W.3d at 608)). To obtain Rule 202 presuit discovery, the petitioner does not have to establish that the trial court would have jurisdiction over the proposed deponents in a possible future action; "he need only show that the trial court would have subject-matter jurisdiction *over the anticipated action.*" *Durrell*, 547 S.W.3d at 306; *see Univ. of Tex. M.D. Anderson Cancer Ctr. v. Tcholakian*, No. 01-11-00754-CV, 2012 WL 4465349, at *4–5 (Tex. App.—Houston [1st Dist.] Sept. 27, 2012, no pet.) (mem. op.). In fact, Rule 202 does not require that the potential deponent be a

potentially liable defendant in the possible action being investigated. *Durrell*, 547 S.W.3d at 306–07; *City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In their first issue, AISD and the District Employees contend that AISD has immunity from *all* Rule 202.1(b) proceedings because no constitutional provision, statute, or civil-procedure rule waives AISD's immunity in Rule 202 proceedings. They assert that without an immunity waiver, governmental immunity deprived the trial court of subject-matter jurisdiction over the Williamses' Rule 202 petition.

Rule 202 does not in itself waive governmental immunity. *See, e.g.*, *Vestal*, 2016 WL 4045081, at *3; *Dall. Black Fire Fighters Ass'n*, 353 S.W.3d at 554. But "the fact that [R]ule 202 does not provide for waiver of immunity is not dispositive as to whether a [R]ule 202 deposition can be used to investigate a potential claim against a governmental entity that has immunity from suit." *Dall. Black Fire Fighters Ass'n*, 353 S.W.3d at 554. While "Rule 202 depositions may not be used solely to investigate potential claims that are otherwise barred by governmental immunity," presuit depositions "are not, in wholesale, barred by immunity." *City of Dallas*, 2018 WL 5306925, at *5 (citing *Combs*, 410 S.W.3d at 534, 535); *see Durrell*, 547 S.W.3d at 306 ("Rule 202 petitions themselves do not constitute lawsuits that would be barred across-the-board by governmental immunity."). Because governmental immunity does

16

not act as an absolute bar to Rule 202 petitions, we overrule AISD and the District Employees' first issue.[5]

But in a case involving governmental immunity, a Rule 202 petition must be sufficiently specific to demonstrate a basis for overcoming that immunity. *Dall. Black Fire Fighters Ass'n*, 353 S.W.3d at 557. To affirmatively demonstrate the trial court's subject-matter jurisdiction, a Rule 202 petitioner may have to plead more than the minimum that Rule 202 requires. *Combs*, 410 S.W.3d at 536. "[T]he petition must also set forth specific facts demonstrating that, at least potentially, the petitioner has been injured by actions that would amount to a claim which would not be barred by [governmental] immunity." *Id.*

Regarding the trial court's subject-matter jurisdiction, the Williamses specifically pleaded as follows:

> The Court has subject-matter jurisdiction over the potential claim or suit if (1) . . . any school staff violated the student's right to a safe environment by allowing the student to be threatened with rape by another student; (2) school staff violated the child's right to attend school i[n] a safe environment by allowing a student to inappropriately touch her more than once; and/or (3) . . . the school staff violated Title IX. The Court has subject-matter jurisdiction over the potential claim or

---

[5]AISD and the District Employees state in passing in their first issue that the District Employees have official immunity from all Rule 202 proceedings. Like the statutory immunity we later discuss in our analysis of AISD and the District Employees' third issue, official immunity is an affirmative defense that protects government employees from personal liability. *Univ. of Hous. v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). As such, it does not deprive a trial court of subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 224 ("Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject[-]matter jurisdiction.").

suit, such as a declaratory judgment suit, if any [AISD] employees, acting within their scope of employment duties, engaged in discriminatory conduct towards Petitioners' minor child; such as if any [AISD] employees, acting within their scope of employment duties, infringed upon Petitioners' minor child's property right to a safe educational environment; such as if any [AISD] students engaged in threats of rape/assault against Petitioners' minor child; such as if any [AISD] students engaged in the Intentional Infliction of Emotional Distress against Petitioners' minor child.

AISD and the District Employees argue in their second, third, and fourth issues that the trial court lacked subject-matter jurisdiction over the Williamses' potential claims because they failed to plead any claims not barred by immunity. We look to the substantive law of the potential claim or the anticipated action to determine jurisdiction. *See Durrell*, 547 S.W.3d at 306. We will begin by addressing AISD and the District Employees' third issue, which argues that the trial court lacked subject-matter jurisdiction over the Williamses' claims against the District Employees in their individual capacities because they have statutory immunity under Texas Education Code Section 22.0511.

Section 22.0511—entitled "Immunity from Liability"—provides immunity from personal liability to professional school employees in certain circumstances:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

18

Tex. Educ. Code Ann. § 22.0511(a).[6] This statutory immunity "is in addition to and does not preempt the common law doctrine of official and governmental immunity." *Id.* § 22.051(b).

The immunity that Section 22.0511 provides is an affirmative defense that gives professional school employees immunity from liability for actions taken within the scope of their employment. *See McPherson v. Wylie*, No. 10-15-00419-CV, 2016 WL 7325461, at *3 (Tex. App.—Waco Dec. 14, 2016, no pet.) (mem. op.); *Rivera v. Port Arthur ISD*, No. 13-14-00214-CV, 2016 WL 1613285, at *7 (Tex. App.—Corpus Christi–Edinburg Apr. 21, 2016, no pet.) (mem. op.). Immunity from liability and immunity from suit are two distinct principles. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The latter is a jurisdictional issue and prevents a plaintiff from bringing suit unless immunity is waived. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Jones*, 8 S.W.3d at 638. In contrast, the former prevents the recovery of damages even when immunity from suit is waived. *See Lueck*, 290 S.W.3d at 880; *Jones*, 8 S.W.3d at 638. Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and should not be raised in a plea to the jurisdiction. *See Lueck*, 290 S.W.3d at 880; *Jones*, 8 S.W.3d at 638; *see also Ahmed v. Metro. Transit Auth.*, 257 S.W.3d 29, 31 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("A plea to the jurisdiction challenges the court's subject[-]matter jurisdiction."). Section

---

[6]Section 22.0511 "does not apply to the operation, use, or maintenance of any motor vehicle." Tex. Educ. Code Ann. § 22.0511(b).

22.0511 thus does not bar suit against the District Employees in their individual capacities and thus would not deprive the trial court of subject-matter jurisdiction over the Williamses' potential claims against them. We overrule AISD and the District Employees' third issue.[7]

In their fourth issue, AISD and the District Employees assert that the trial court does not have subject-matter jurisdiction over Title IX claims because such claims are removable to federal court.[8] *See generally* 28 U.S.C.A. §§ 1331, 1446. AISD

---

[7]In their fifth issue, AISD and the District Employees claim that because the District Employees are immune, they are entitled to attorney's fees and court costs under Education Code Section 22.0517, which provides that

> In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff *if the employee is found immune from liability under this subchapter*.

Tex. Educ. Code Ann. § 22.0517 (emphasis added). Considering our reasoning and decision overruling AISD and the District Employees' third issue, we overrule their fifth issue. *See McPherson*, 2016 WL 7325461, at *1, *3.

[8]"Title IX provides a private right of action for individuals to sue educational institutions that receive federal funds." *Doe ex rel. Doe v. Dallas ISD*, 534 F. Supp. 3d 682, 688 (N.D. Tex. 2021) (citing *Kelly v. Allen ISD*, 602 F. App'x 949, 952 (5th Cir. 2015)). A Title IX action against a school district for student-on-student harassment requires that plaintiff show that (1) the district knew about the harassment, (2) the harasser was under the district's control, (3) the harassment was based on the victim's sex, (4) the harassment was "so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit," and (5) the district was deliberately indifferent to the harassment. *Id.* (citing *Kelly*, 602 F. App'x at 952).

and the District Employees imply that because Title IX claims are removable, state courts have no jurisdiction over such claims. And because state courts do not have subject-matter jurisdiction over Title IX claims, AISD and the District Employees argue, the Williamses cannot "bootstrap" state claims to federal claims to circumvent jurisdictional requirements and investigate a claim over which the trial court ultimately has no jurisdiction.

As to Rule 202's jurisdictional requirements, the Texas Supreme Court has explained that

> Generally, a party "cannot obtain by Rule 202 what it would be denied in the anticipated action." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (per curiam). In other words, the rule cannot be used as "an end-run around discovery limitations that would govern the anticipated suit." *Id.* This is because "pre-suit discovery 'is not an end within itself'; rather, it 'is in aid of a suit which is anticipated' and 'ancillary to the anticipated suit.'" *Id.* (quoting *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965)). It follows then, that for a party to properly obtain Rule 202 pre-suit discovery, **"the court must have subject-matter jurisdiction over the anticipated action," so "[t]he rule cannot be used, for example, to investigate a potential federal . . . patent suit, which can be brought only in federal court."** [*Trooper*], 444 S.W.3d [at] 608 . . . . This limitation on pre-suit discovery is due to a court's inherent jurisdictional limitations: "a court cannot grant relief when it lacks jurisdiction of the subject matter," so "[i]t would make no sense to insist that a court ordering discovery to perpetuate testimony for a later-filed suit . . . be one . . . [without] subject-matter jurisdiction." *Id.* at 607–08. Indeed, allowing courts to authorize Rule 202 depositions for potential suits over which they lack jurisdiction would untether pre-suit discovery from the suit it purports to be in aid of. *See Wolfe*, 341 S.W.3d at 933.

*DePinho*, 505 S.W.3d at 623 (emphasis added).

But unlike patent claims, Title IX claims can be brought in state court; federal-court jurisdiction over Title IX claims is not exclusive.[9] *See Mosley v. Beaumont ISD*, 997 S.W.2d 934, 938–39 (Tex. App.—Beaumont 1999, no pet.) (applying Title IX in Texas state court); *see also Teran v. Hagopian*, No. CV-F-07-1476 OWW/GSA, 2009 WL 900743, at *19 (E.D. Cal. Mar. 31, 2009) ("State and federal courts have concurrent jurisdiction over claims under Title IX."); *H.M. v. Jefferson Cnty. Bd. of Educ.*, 719 So. 2d 793, 796 (Ala. 1998) (applying Title IX in state court); *Morrison v. N. Essex Cmty. Coll.*, 780 N.E.2d 132, 136 (Mass. App. Ct. 2002) (stating that Title IX is enforceable in state or federal court).[10] Because Title IX claims can be brought in state court, the trial court does not lack subject-matter jurisdiction over Title IX claims, and the Williamses' Rule 202 petition to investigate a potential Title IX claim would not be barred for this reason.

AISD and the District Employees additionally argue in their fourth issue that the trial court lacked subject-matter jurisdiction over the Williamses' potential Title IX claim because Title IX does not authorize claims against school officials, teachers, and

---

[9]The Texas Supreme Court has also stated that Rule 202 cannot be used to investigate anticipated federal antitrust claims because such claims can only be brought in federal court. *Trooper*, 444 S.W.3d at 608.

[10]*See generally* Cecily Fuhr, *Cause of Action Under Title IX of Education Amendments Act of 1972 Against College or University for Sexual Harassment of Student by School Personnel or Other Student*, *in* 78 Causes of Action 2d 381, § 17 (2017), Westlaw (database updated Nov. 2023) ("An action under Title IX may generally be brought in any federal or state court of competent jurisdiction. A federal district court will have federal question jurisdiction over a Title IX claim. 28 U.S.C.A. § 1331.")

employees in their individual capacities and because qualified immunity would insulate the District Employees from both suit and liability with respect to any potential federal claims. *See generally Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257, 129 S. Ct. 788, 796 (2009) (stating that Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Regardless of the applicability of these two principles, however, the trial court would have subject-matter jurisdiction over a potential Title IX claim against AISD, which is all the Williamses had to show to obtain Rule 202 presuit discovery. *Durrell*, 547 S.W.3d at 306 ("To obtain a pre-suit investigatory deposition from HISD under Rule 202, Durrell does not have to establish the court would have jurisdiction *over HISD* in a possible future action; he need only show that the trial court would have subject-matter jurisdiction *over the anticipated action*."). We overrule AISD and the District Employees' fourth issue.

AISD and the District Employees argue in their second issue that because the Williamses failed to plead potential claims for which AISD's governmental immunity has been waived, the trial court erred by denying their plea to the jurisdiction. AISD and the District Employees specifically contend that the trial court lacks subject-

23

matter jurisdiction over the Williamses' potential claims because under the Texas Tort Claims Act, AISD can be sued only for injuries caused by the negligent use, operation, or maintenance of a motor vehicle, and the Williamses' petition did not allege such injuries. In support, AISD and the District Employees invoke Texas Civil Practice and Remedies Code Sections 101.021 and 101.051. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .051.

AISD and the District Employees are correct that under the Texas Tort Claims Act, waiver of a school district's governmental immunity encompasses only tort claims involving the use or operation of motor vehicles. *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.051).[11] But this argument misses the point. The fact that the Williamses have

---

[11]Section 101.021 provides that a governmental unit in Texas is liable for

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

not alleged motor-vehicle injuries does not deprive the trial court of jurisdiction over the Williamses' Rule 202 petition. Again, the Williamses are required to show only that the trial court would have subject-matter jurisdiction over their potential claim or suit. *See Durrell*, 547 S.W.3d at 306. Here, the trial court has subject-matter jurisdiction over the Williamses' potential claims involving (1) the District Employees in their individual capacities; (2) the student who kicked and threatened M.L.W.; and (3) Title IX violations against AISD. *See Gordon ISD*, 661 S.W.3d at 929–30; *Mosley*, 997 S.W.2d at 938–39. When construed liberally in their favor, the Williamses' Rule 202 petition adequately explained these potential claims. And to the extent that governmental immunity would bar any of the Williamses' other potential claims, a trial court in a Rule 202 proceeding may properly deny a jurisdictional plea if it has subject-matter jurisdiction over some claims but not others. *See, e.g.*, *Tcholakian*, 2012 WL 4465349, at *4–5; *U.S. Filter Wastewater Grp.*, 190 S.W.3d at 245; *City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340–41 (Tex. App.—Fort Worth 2005, no pet.). We thus overrule AISD and the District Employees' second issue.

Having overruled all of AISD and the District Employees' issues in their interlocutory appeal, we affirm the trial court's order denying the plea to the

---

Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Section 101.051 provides that "[e]xcept as to motor vehicles, [the immunity waiver in Chapter 101] does not apply to a school district or to a junior college district." *Id.* § 101.051.

25

jurisdiction. We now turn to AISD and the District Employees' mandamus petition challenging the order granting the Williamses' Rule 202 petition.

## V. Order Granting the Williamses' Rule 202 Petition

In four of their issues, AISD and the District Employees contend that the trial court clearly abused its discretion by granting the Williamses' Rule 202 petition because (1) the trial court granted the petition before holding the hearing on it and making the findings Rule 202 requires; (2) the Williamses' Rule 202 petition did not meet the rule's requirements, and the Williamses presented no evidence supporting the trial court's Rule 202 findings; (3) the trial court ordered the District Employees to produce documents at their depositions; and (4) the District Employees have statutory immunity under Education Code Section 22.0511. In their fifth issue, AISD and the District Employees complain that the trial court abused its discretion by not awarding the District Employees mandatory attorney's fees under Education Code Section 22.0517 and by not awarding AISD and the District Employees attorney's fees under Education Code Section 11.161 and Civil Practice and Remedies Code Section 105.002. After we address the applicable standard of review, we will begin with AISD and the District Employees' second issue because taking the issues out of order aids in our disposition of this original proceeding.

### A. Standard of review

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both

that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy's adequacy has no specific definition; "the term is 'a proxy for the careful balance of jurisprudential considerations' [that implicate both public and private interests,] and its meaning 'depends heavily on the circumstances presented.'" *Allstate Indem. Co.*, 622 S.W.3d at 883 (quoting *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review.").

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136. But even when the benefits of mandamus review outweigh the detriments, we must consider whether the appellate remedy is nonetheless adequate. *Id.* In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The danger of permanently losing substantial rights occurs when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made a part of the appellate record. *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (orig. proceeding) (citing *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding)). We should also consider whether mandamus will allow us "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Team Rocket*, 256 S.W.3d at 262 (quoting *Prudential*, 148 S.W.3d at 136).

As noted, an order allowing a presuit deposition of an anticipated defendant under Rule 202, as here, is not a final, appealable order. *See Jorden*, 249 S.W.3d at 419. Mandamus is thus the proper method to challenge such an order. *In re Campos*, No. 2-07-197-CV, 2007 WL 2013057, at *3 (Tex. App.—Fort Worth July 12, 2007, orig.

28

proceeding [mand. denied]) (per curiam) (mem. op.) (citing *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied])).

**B. Analysis**

When, as here, a Rule 202 petition is brought to investigate a potential claim or suit, the trial court must order the requested deposition to be taken, if, but only if, it finds that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or the likely benefit of the deposition outweighs the burden and expense of the procedure. Tex. R. Civ. P. 202.4(a). The Williamses pleaded—and the trial court found—only the latter. *See* Tex. R. Civ. P. 202.4(a)(2).

We begin by addressing the first part of issue two (the Williamses' failing to present evidence supporting the trial court's Rule 202 findings). The Williamses had the burden to both plead and prove that the likely benefit of allowing them to take the requested depositions to investigate their potential claims outweighed the depositions' burden or expense. *See In re Kaddatz*, No. 02-23-00336-CV, 2023 WL 7210337, at *4 (Tex. App.—Fort Worth Nov. 2, 2023, orig. proceeding) (mem. op.) (citing Tex. R. Civ. P. 202.4(a)(2)). A Rule 202 petition that "merely tracks the language of Rule 202 in averring the necessity of a pre-suit deposition, without including any explanatory facts," will not suffice to meet the petitioner's burden. *DeAngelis*, 556 S.W.3d at 856 (quoting *In re East*, 476 S.W.3d 61, 69 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding)); *see also In re Does*, 337 S.W.3d 862, 865 (Tex. 2011)

29

(orig. proceeding) (concluding that petitioner's "sketchy" allegations mostly concerning a third party "made no effort to present the trial court with a basis for the [Rule 202] findings").

Regarding proof, "a Rule 202 petitioner must provide more than mere allegations to obtain a Rule 202 deposition." *Kaddatz*, 2023 WL 7210337, at *4 (citing *DeAngelis*, 556 S.W.3d at 855). A Rule 202 petitioner must "present evidence to meet its burden to establish the facts necessary to obtain such discovery." *Id.* (quoting *DeAngelis*, 556 S.W.3d at 855). "And, because pleadings—even if sworn or verified— are not generally considered competent evidence, *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), we have held that ordinarily a Rule 202 petitioner cannot rely upon a verified pleading to meet its burden of proving the facts asserted in its petition." *Kaddatz*, 2023 WL 7210337, at *4 (citing *DeAngelis*, 556 S.W.3d at 855–56).

In support of their assertion in their verified Rule 202 petition that the depositions' benefits outweighed their burden and expense, the Williamses pleaded that

> [t]he likely benefits to the Petitioners include avoiding the cost of meritless lawsuits, avoiding the continuation of fruitless attempts to obtain the requested information from the requested deponents and others, to efficiently determine if a viable claim(s) and/or suit(s) exist before any statutory or regulatory statute of limitations or deadlines, to pursue justice for Petitioner's minor child, and to determine if M.L.W. was harmed in any way so that Petitioner can provide M.L.W. with any needed support. The burden to the deponents is none other than the typical burden to all deponents. The deponents will be questioned in a

conference room for no more than six hours. The deponents are not required to employ an attorney for their depositions, but they are permitted to do so. Deponents who are employed by school districts will likely have an attorney provided for them by their employer at no cost to the deponents. Deponents who are employed by school districts will likely not have to lose pay to attend their depositions. Deponents will not likely have to travel great distances from their place of employment. Deponents will not be asked about their private relationships or personal finances, unlike many deponents. None of the deponents are employed in the field of national security, the armed forces, first responders, aviation, or medicine which may cause undue burdens.

At the Rule 202 hearing, however, the only evidence that the Williamses offered in support of their petition was testimony from Justin Williams. Regarding the benefit versus the burden and expense of the requested depositions, Justin testified on direct examination as follows:

> Q. . . . . What would be the benefits -- the possible benefits of taking these depositions?
>
> A. So we could learn more about what happened as far as the situation goes and to, you know, potentially save time and money as well.
>
> Q. How would that save time and money?
>
> A. Well, I don't know a lot about this process, but from what I understand, you know, having the information, that's going to allow us to have all the facts that we don't know and help us potentially, you know, make a decision on what to do next to try to achieve justice and resolution of the issue at hand.
>
> Q. What -- Do you understand that taking these depositions might not produce evidence that would allow you to move forward with, as you say, getting justice for your daughter?
>
> . . . .
>
> A. Yes.

Q. . . . How would that be beneficial?

A. It would be beneficial to know the -- the facts in the situation.

Q. What would you use -- The information you gathered from these deponents, what would you use all of this information for?

Let me ask that a different way.

Would you consider taking any action based on the information you gather?

A. Yes.

Q. What kind of actions do you think you might take?

A. A potential lawsuit.

. . . .

Q. I also want to ask: Did you read Arlington and the potential deponents' plea to the jurisdiction and answer to this suit?

A. Yes.

Q. In that answer, did you see any claims of special burdens that these people have personally?

A. No.

Q. Okay. Do you see the school's attorney representing these deponents here today?

A. Yes.

The Williamses' attorney—Mr. Shake—then asked Justin whether he had "any reason to believe the burden on these potential deponents to sit down at a conference table and answer questions is any more burden[some] for any other possible person

who sits for a deposition?" The attorney for AISD and the District Employees, Mr.

Eichelbaum, objected:

> MR. EICHELBAUM: Objection. Calls for speculation. He's asking what the burden is for them, the proposed deponents. He's not an expert; therefore, his opinion is inappropriate.

> THE COURT: Well, I think he's asking about his belief, so I will allow it.

> A. Can you repeat the question again, please.

> . . . .

> Q. [By Mr. Shake] Based on Arlington and the proposed deponents' answer and your dealings with your -- your and your wife's dealings with the proposed deponents, do you have any personal knowledge that sitting for depositions creates a special burden for these proposed deponents?

> MR. EICHELBAUM: Same objection, plus he threw in his wife --

> MR. SHAKE: Your Honor, I'm going to object to the speaking objections and ask for a legal objection.

> THE COURT: Wait! Wait! Don't interrupt his objection.

> MR. SHAKE: It's not a legal objection, Your Honor.

> THE COURT: You can respond to the objection, but after he makes it. But you can't interrupt him.

> Go ahead with the objection.

> MR. EICHELBAUM: The same objection, Your Honor, with regard to leading, calls for speculation, but this time he included the witness's wife's knowledge, which is also speculative.

> . . . .

> THE COURT: Okay. I'm -- I'm really more interested in the -- in what those interactions were.

33

MR. SHAKE: Certainly.

THE COURT: If you can -- I -- I –

MR. SHAKE: I'm happy to move on, Your Honor.

THE COURT: I'll sustain the objection about the parties' beliefs.

And we've probably been through more depositions than these folks, so we understand --

MR. SHAKE: Understood, Your Honor.

THE COURT: -- how -- how -- how burdensome . . . depositions may or may not be.

So I'm really more interested in the -- in the personal knowledge and the facts of the case and the interactions and what statements may or may not have been made already by the proposed deponents.

Later in the hearing, Mr. Eichelbaum asked Justin—who had been deposed in another matter—how much time he had spent with his attorney preparing for that deposition. The trial court sustained Mr. Shake's objection to that question and stated,

Well, I'll bet that probably the lawyers in this room have done a thousand depositions between us. So I don't really need the testimony of this witness on that. I've prepared witnesses differently than you might or that Mr. Shake might. So I don't need this witness's testimony about his personal experience with depositions.

According to Justin, the likely benefit of presuit discovery in this case is "to potentially save time and money" to gather "all the facts" to determine whether to file suit. But the benefit of a Rule 202 petitioner's determining whether he has a legitimate claim does not alone suffice to outweigh the burden on a potential deponent. *Hewlett Packard*, 212 S.W.3d at 362. Here, the Williamses offered no evidence regarding the burden or expense to either AISD or the District Employees. Without such evidence,

34

the trial court had no basis for determining whether the benefit of allowing the Williamses to take presuit depositions to investigate their potential claims actually outweighed the depositions' burden or expense. There is thus no evidence to support the trial court's findings as to each District Employee that "the likely benefit of allowing Petitioners to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." For this reason, the trial court clearly abused its discretion by granting the Williamses' Rule 202 petition to depose the District Employees.

The trial court also clearly abused its discretion by ordering the District Employees to produce documents at their depositions. As AISD and the District Employees point out in their third issue, we have expressly held that a document-production request in a Rule 202 petition is improper. *See DeAngelis*, 556 S.W.3d at 858. In other words, Rule 202 does not authorize a trial court, before suit is filed, to order any form of discovery other than a deposition. *See id.*; *see also In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding) (mem. op.); *In re Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 921 (Tex. App.—Beaumont 2000, orig. proceeding).[12]

---

[12]*But see, e.g.*, *In re City of Tatum*, 567 S.W.3d 800, 808 & n.7 (Tex. App.—Tyler 2018, orig. proceeding) (explaining and holding that trial court did not abuse its discretion by requiring document production in conjunction with Rule 202 depositions); *City of Dallas v. City of Corsicana*, Nos. 10-14-00090-CV, 10-14-00171-CV, 2015 WL 4985935, at *6 (Tex. App.—Waco Aug. 20, 2015, pet. denied) (mem. op.) (explaining and holding same), *mand. granted on other grounds*, *City of Dallas*,

35

We hold that the trial court clearly abused its discretion by granting the Williamses' Rule 202 petition. AISD and the District Employees have no adequate appellate remedy. *See Kaddatz*, 2023 WL 7210337, at *9; *Campos*, 2007 WL 2013057, at *3. Accordingly, we sustain their second and third issues.[13]

In their fifth issue, AISD and the District Employees contend that the trial court abused its discretion by not awarding the District Employees attorney's fees under Section 22.0517 of the Education Code and by not awarding AISD and the District Employees attorney's fees under Education Code Section 11.161 and Civil Practice and Remedies Code Section 105.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 105.002; Tex. Educ. Code Ann. §§ 11.161, 22.0517. AISD and the District Employees ask us to order the trial court to award them fees. We address each of these statutory bases for attorney's fees in turn.

An attorney's-fees award under Section 22.0517 requires a finding that the employee is immune from liability under Subchapter B of Chapter 22 of the Education Code. *See* Tex. Educ. Code Ann. § 22.0517 ("In an action against a

---

501 S.W.3d at 74; *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, orig. proceeding) (per curiam) (mem. op.) (explaining same).

[13]Given our disposition of AISD and the District Employees' second and third issues, we need not address their first and fourth issues, both of which also argue that the trial court clearly abused its discretion by granting the Rule 202 petition. *See* Tex. R. App. P. 47.1. We similarly need not address the remaining arguments in their second issue, *see id.*, and we thus express no opinion about those arguments' merits or lack thereof.

professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff *if the employee is found immune from liability under this subchapter*." (emphasis added)). Here, AISD and the District Employees assert that the District Employees are immune from liability under Education Code Section 22.0511. *See id.* § 22.0511. As we explained above, the immunity Section 22.0511 provides is an affirmative defense. *See, e.g., McPherson,* 2016 WL 7325461, at *3. A merits-based defense to a potential lawsuit is not a valid objection to a Rule 202 petition. *East,* 476 S.W.3d at 67 (citing *Emergency Consultants,* 292 S.W.3d at 79 (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202")). Because fees under Section 22.0517 are contingent upon a finding that the school-district employee is immune from liability, which is a merit-based defense that cannot be properly raised in the Rule 202 petition, the trial court did not abuse its discretion by not awarding fees under that section. Moreover, AISD and the District Employees do not argue and have not shown that they do not have an adequate appellate remedy for the trial court's failing to award fees under Section 22.0517. *See Prudential,* 148 S.W.3d at 136.

An attorney's fees award under Education Code Section 11.161 is predicated on either a dismissal or a judgment for the defendant:

In a civil suit brought under state law, against an independent school district or an officer of an independent school district acting under color of office, the court may award costs and reasonable attorney's fees if:

(1) the court finds that the suit is frivolous, unreasonable, and without foundation; and

(2) *the suit is dismissed or judgment is for the defendant.*

Tex. Educ. Code Ann. § 11.161 (emphasis added). A fees award under Civil Practice and Remedies Code Section 105.002 similarly requires a dismissal or a judgment:

A party to a civil suit in a court of this state brought by or against a state agency in which the agency asserts a cause of action against the party, either originally or as a counterclaim or cross claim, is entitled to recover, in addition to all other costs allowed by law or rule, a total amount not to exceed $1 million for fees, expenses, and reasonable attorney's fees incurred by the party in defending the agency's action if:

(1) the court finds that the action is frivolous; and

(2) *the action is dismissed or judgment is awarded to the party.*

Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (emphasis added).

Here, neither a dismissal nor a judgment has occurred. The trial court thus did not abuse its discretion by not awarding attorney's fees under either section. Additionally, AISD and the District Employees do not argue and have not shown that they do not have an adequate appellate remedy for the trial court's failing to award fees under either section. *See Prudential*, 148 S.W.3d at 136. We overrule their fifth issue.

38

## VI. Conclusion

Having overruled all of AISD and the District Employees' issues raised in their interlocutory appeal from the trial court's order denying their plea to the jurisdiction, we affirm that order. But having sustained AISD and the District Employees' second and third issues raised in their mandamus petition, we conditionally grant the requested relief in part. All other requested mandamus relief is denied. The trial court is ordered to vacate its order granting the Williamses' Rule 202 petition and to render an order denying the same. Our writ will issue only if the trial court fails to comply.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 14, 2023